**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| TOCCARA DAVIS, as Guardian of D.W., a Minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:21-CV-00155-JRH-BKE |
| BOJ of WNC, LLC, | ) ) | |
| Defendant. | ) | |

**DEFENDANT BOJ OF WNC, LLC'S MOTION TO STAY DISCOVERY**
**AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, BOJ of WNC, LLC ("Defendant") and, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, respectfully files this Motion to Stay Discovery and Incorporated Memorandum of Law in Support. Defendant respectfully seeks a stay of all discovery in this matter pending a final resolution of the criminal matter involving Nickolous McLamore ("McLamore").

## I.    INTRODUCTION

McLamore is employed by Defendant as an Assistant Manager. (Doc. 1, ¶¶ 10-11.) Plaintiff alleges McLamore raped and engaged in other illegal and inappropriate sexual misconduct against D.W. (*Id.* ¶ 13.) Plaintiff alleges that Defendant failed to terminate McLamore or take sufficient action against him after learning about his sexually inappropriate behavior. Based on these allegations, Plaintiff asserts claims against Defendant under theories of premises liability and negligent hiring/training/supervising/retention. (*Id.* ¶¶ 21-30.)

Prior to the filing of this lawsuit, McLamore was arrested and arraigned on charges for "strongarm rape." (Ex. 1, McLamore Arrest.) In other words, the alleged conduct for which

-1-

McLamore is potentially being prosecuted for is the same conduct that forms the basis of the claims that Plaintiff brings against Defendant.

On March 29, 2022, Plaintiff requested dates to depose McLamore. On March 31, 2022, counsel for Defendant contacted McLamore's counsel representing him in the criminal case to ask for dates McLamore would be available for a deposition. McLamore's counsel responded that McLamore would invoke his Fifth Amendment right to refrain from self-incrimination and otherwise refuse to make himself available for a deposition.

For the reasons outline below, discovery in this matter should be stayed until McLamore's pending criminal charges are resolved.

## II.   ARGUMENT AND CITATION TO AUTHORITY

"No question exists that this court has the power to stay a civil proceeding due to an active, parallel criminal investigation." *S.E.C. v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, the Court must weigh the competing interests of the applicant for a stay and the litigant who wishes to pursue his or her claim. *Id.* at 255. Ultimately, a district court should "stay a civil proceeding pending resolution of a related criminal prosecution . . . when 'special circumstances' so require in the interests of justice." *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir.1994). Courts have developed the following multi-factor balancing test to evaluate whether a stay is appropriate:

> (1) the extent to which the defendant's Fifth Amendment rights are implicated, (2) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to the plaintiff from delay, (3) the burden any particular aspect of the proceedings may impose on the defendant, (4) the efficient use of judicial resources, (5) the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation.

*Healthsouth Corp.*, 261 F. Supp. 2d at 1326.

  **A.**  **McLamore's Ongoing Criminal Prosecution Weighs In Favor of Granting a Stay**

  As shown below, McLamore's parallel criminal case presents significant issues for both parties. Each of the factors outlined above weighs in favor of a stay.

  **1. The Issues in the Criminal Case Overlap with Those Presented in the Civil Case**

  Courts consider "the similarity of issues in the underlying civil and criminal actions to be "the most important threshold issue in determining whether to grant a stay." *Kinsey v. Aledda*, 2018 U.S. Dist. LEXIS 244722, at *7 (S.D. Fla. Sep. 5, 2018). Here, Plaintiff alleges McLamore "forcibly raped, and engaged in other illegal and inappropriate sexual misconduct against D.W." (Doc. 1 ¶ 13.) As explained above, the issues in this case overlap with McLamore's criminal case because McLamore was arrested for the same conduct Plaintiff alleges form the basis of her Complaint. *See Doe v. City of Demopolis*, 2009 U.S. Dist. LEXIS 59160, at *11-12 (S.D. Ala. July 10, 2009) (granting motion to stay where a central issue "in both this [civil] action and the [criminal] proceedings will be whether Smith sexually assaulted Jane Doe 1; therefore the similarity between the two is substantial."). Further, McLamore has invoked his Fifth Amendment right in response to Defendant's request for deposition dates. This factor counsels in favor of the Court granting a stay pending the resolution of the criminal charges. *See Dean v. Douglas*, 2012 U.S. Dist. LEXIS 175006, at *13-14 (M.D. Ga. Dec. 11, 2012).

  **2. The Status of McLamore's Criminal Case Weighs in Favor of a Stay**

  District courts generally grant stays to protect ongoing and active criminal investigations where future charges are not speculative. *S.E.C. v. Downe*, 1993 U.S. Dist. LEXIS 753, at *48-49 (S.D.N.Y. Jan. 26, 1993) (collecting cases where courts stayed discovery despite the fact an indictment had not been returned). McLamore's arrest and arraignment more than raises the

prospect of an indictment above the speculative level. As a result, this factor weighs in favor of a stay. *See Dean v. Douglas*, 2012 U.S. Dist. LEXIS 175006, at *13 (M.D. Ga. Dec. 11, 2012) (absence of an indictment does not warrant a denial of a stay).

### 3. Defendant's Private Interests and the Burden on Defendant Outweighs the Private Interest of Plaintiff in Proceeding Expeditiously with the Litigation and the Potential Prejudice to Plaintiff Caused by the Delay

Allowing this case to go forward will certainly prejudice Defendant, as McLamore's testimony is almost certain to be important to its defenses. Plaintiff has alleged McLamore raped D.W. while both were on the job for Defendant and that Defendant was or should have been aware of McLamore's propensity to engage in this behavior because of prior conduct at the restaurant. Without a stay, Defendant may be forced to proceed without probative evidence of importance to its defenses, especially McLamore's testimony as to whether his actions towards D.W. were consensual and relating to Plaintiff's allegations of his alleged prior misconduct with other employees. This is not a case where other witnesses or documents are available regarding the alleged rape. McLamore's testimony is the only source of evidence of what took place on June 28, 2021 other than D.W.

In addition, Plaintiff will not be prejudiced by any delay. Fact discovery has not concluded in this case and no discovery will be abandoned by any stay. *See Young v. Miami-Dade Cty.*, 217 F. Supp. 3d 1353, 1356 (S.D. Fla. 2016) (noting that motions to stay filed before the close of discovery lessens prejudice to the plaintiff). Plaintiff also will benefit by allowing the criminal prosecution of McLamore to proceed because it may reveal other sources of evidence or narrow the issues of this case.[1] *See Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013,

---

[1] This reason also shows that judicial resources will be better utilized by staying this action. Not only will Plaintiff likely narrow the issues in this civil case, but the Court will not have to rule on each assertion of Fifth Amendment privilege made by McLamore.

1018 n.11 (11th Cir. 1993). In fact, Plaintiff's request to depose McLamore crystalized the need for a stay in this case.  Given that Plaintiff requested McLamore's deposition, Plaintiff apparently agrees that McLamore's testimony is important to this case.

### 4. The Interests of Persons Not Parties to the Civil Litigation and the Interest of the Public and Court Weigh in Favor of a Stay

This is not a case where the Court and government are under significant pressure from the general public to administer a swift solution to a problem injuring the public at large, but rather the adjudication of the alleged crimes against a single plaintiff. There is no interest that the public may have in this civil case that will not be addressed in McLamore's criminal case. *See EMC Prop. & Cas. Co. v. 205 Customz, LLC*, 2015 U.S. Dist. LEXIS 729949, at *12-13 (N.D. Ala. June 5, 2015). This factor weighs in favor of granting a stay.

### III.    CONCLUSION

For the foregoing reasons, this Court should stay all further discovery in this case pending the resolution of the criminal proceedings against McLamore.

Respectfully submitted this 4th day of April, 2022.

**FREEMAN MATHIS & GARY, LLP**
/s/ *Bradley T. Adler*
Bradley T. Adler
Georgia Bar No. 005525
badler@fmglaw.com
Sharon P. Horne
Georgia Bar No. 159225
shorne@fmglaw.com
Jacob T. McClendon
Georgia Bar No. 154967
jtmcclendon@fmglaw.com
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **TOCCARA DAVIS, as Guardian of** | ) | |
| **D.W., a Minor,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:21-CV-00155-JRH-BKE** |
| **BOJ of WNC, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT BOJ OF WNC, LLC'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the CM/ECF E-filing system which will automatically send electronic mail notification of such filing to counsel of record in this matter.

This 4th day of April, 2022.

/s/ *Bradley T. Adler*
Bradley T. Adler
Georgia Bar No. 005525