## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

TOCCARA DAVIS, as Guardian of D.W.,
a minor,

    *Plaintiff*,

    v.

BOJ of WNC, LLC,

    *Defendant*.

Civil Action No.:
1:21-CV-00155-JRH-BKE

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO STAY DISCOVERY

---

Defendant BOJ of WNC, LLC ("BOJ") seeks a stay of discovery based on its employee's putative invocation of his Fifth Amendment right against self-incrimination during his deposition in this case. Notably, BOJ's employee is *not* a party to this case. BOJ's motion fails for two reasons. First, the employee's invocation of the Fifth Amendment privilege is not dispositive of BOJ's liability. That ends the analysis under binding Eleventh Circuit precedent. However, second, even if the Court considers the more lenient (non-binding) multi-factor test employed by some district courts in this circuit, each factor weighs in favor of denying BOJ's motion.

### 1. <u>Introduction</u>

This case arises from an assistant manager's forcible rape of a minor employee in a Bojangles bathroom. BOJ owned and operated a Bojangles located at 3705 Mike Padgett

- 1 -

Highway in Augusta, Georgia.[1] BOJ employee Nickolous McLamore cornered a sixteen-year-old employee in a women's bathroom stall, pulled down her pants, bent her over, and forcibly raped her as she stared into a dirty toilet.[2] She kicked him and told him to stop, but he overpowered her.[3] He ejaculated on her back.[4] McLamore was arrested for the rape two days later.[5] BOJ does not dispute that McLamore had sexual intercourse with the minor employee.[6]

BOJ is legally responsible for D.W.'s rape in two ways. First, BOJ is liable for negligently hiring, training, supervising, and retaining McLamore. BOJ's employee interview process and sexual harassment training was inadequate. Further, BOJ knew McLamore was a predator but failed to act on that knowledge. In other words, BOJ knew or should have known D.W.'s sexual assault was the natural and probable consequence of hiring, inadequately training, supervising, and retaining McLamore. *See TGM Ashley Lakes, Inc. v. Jennings*, 264 Ga. App. 456, 459 (2003). Second, BOJ is liable for maintaining a dangerous premises. O.C.G.A. § 51-3-1. Specifically, BOJ failed to protect D.W. from a foreseeable danger of which it had superior knowledge.

BOJ seeks a stay of discovery pending the resolution of McLamore's criminal case. Importantly, McLamore is *not* a party to this lawsuit and has not filed any motions. BOJ's motion fails for two reasons. *First*, McLamore's invocation of the Fifth Amendment would not be dispositive of BOJ's liability in this civil case. *See United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994); *accord Shell Oil Co. v. Altina Assocs.,*

---

[1] BOJ's RFA Resp., No. 6-7 (Ex. 1).
[2] D.W. Dep., 188:19-198:19 (Ex. 2).
[3] D.W. Dep., 187:20-188:8, 190:7-18, 192:10-18, 194:16-24.
[4] D.W. Dep., 192:10-18 ("Then he eventually stopped and just ejaculated on my back."); *see also* D.W. Dep., 194:16-195:15.
[5] Ex. 1 to BOJ's Mot. to Stay Disc'y, Doc. 33 (McLamore Arrest).
[6] BOJ's RFA Resp., No. 24-25.

*Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994) (citing *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944, 946-47 (11th Cir. 1990)) (denying stay because defendant's invocation of Fifth Amendment right against self-incrimination would *not* have resulted in an adverse judgment or a verdict for the plaintiff). That is, even if McLamore invokes his Fifth Amendment rights during his deposition, the resulting adverse inference would not prove BOJ's liability (1) for negligently hiring, training, supervising, and retaining McLamore or (2) for maintaining a dangerous premises. Under binding Eleventh Circuit precedent, that conclusion is dispositive of the issue before the Court. *Fox Grove*, 23 F.3d at 364.

*Second*, even if the Court applies the more lenient (non-binding) multi-factor test utilized by *some* district courts in the Eleventh Circuit, each factor weighs heavily in favor of denying BOJ's motion. *See Hammonds v. Gray Transportation, Inc.*, 371 F. Supp. 3d 1340, 1346 (M.D. Ga. 2019) (deviating from Eleventh Circuit test by articulating five-factor test to determine appropriateness of a discovery stay pending a related criminal action).

Under either analysis, BOJ's motion should be denied.

## 2. **Legal Standards**

A stay of discovery in a civil case is not required simply because a related criminal proceeding is pending. *Shell Oil Co. v. Altina Assocs., Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)); *see also Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, 2009 WL 2589116, at *2 (S.D. Fla. Aug. 19, 2009) ("The very fact of a parallel criminal proceeding does not alone constitute 'special circumstances.'") (citations omitted). That makes sense because if that were the case, district courts' civil dockets would come to a grinding halt.

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

**2.1. A stay is only appropriate under narrow circumstances.**

A district court can stay discovery only "when a person, *who is a defendant in both a civil and a criminal case*, is forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings]." *Id.* (citing *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir. 1990)) (emphasis added). That is, a stay is only proper where "the invocation of the privilege [will] result in automatic summary judgment," *i.e.*, the invocation of the privilege "must result in an adverse judgment not merely the loss of '[defendant's] most effective defense.'" *Id.* (citing *Pervis*, 901 F.2d at 946-47).

Stated differently, "'[t]he mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at [an early] point in the proceeding.'" *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015) (quoting *Ct.-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, 2009 WL 800144, at *3 (S.D. Fla. Mar. 25, 2009)). "Rather, '[t]he law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces *certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue.'" *Id.* (quoting *Lauer*, 2009 WL 800144, at *2) (emphasis added); *see also Fox Grove*, 23 F.3d at 364 (11th Cir. 1994) ("The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant.").

**2.2. Non-binding multi-factor test.**

Some district courts have strayed from the Eleventh Circuit test and considered a multi-factor test when deciding whether a stay is appropriate.[7]  *E.g.*, *Hammonds*, 371 F. Supp.3d at 1346.  For example, in *Hammonds*, where the defendant was a party to a *civil and criminal* proceeding, the court considered the following factors to determine whether a stay was appropriate while a related criminal case pended:

> (1) The interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Hammonds*, 371 F. Supp.3d at 1346.  The multi-factor test articulated in *Hammond* is not binding on this Court.  *Cf. Fox Grove*, 23 F.3d at 364.

### 3.  Argument

BOJ's motion fails for two reasons.  First, McLamore's invocation of the Fifth Amendment privilege is not dispositive of BOJ's liability in this case.  Under binding Eleventh Circuit precedent, this conclusion is dispositive of the issue before the Court.  Second, even under the more lenient (non-binding) multi-factor test, each factor weighs heavily in favor of denying BOJ's motion.

### 3.1.  McLamore's invocation of the privilege is not dispositive of BOJ's liability.

In the Eleventh Circuit, a stay of discovery based on a related criminal proceeding is only proper where the invocation of the Fifth Amendment privilege is dispositive of the defendant's

---

[7] "The standard set by the Eleventh Circuit as to when a stay should be granted to prevent unconstitutional infringement is more narrow [than other jurisdictions]." *Ct.-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009)

liability in the civil case. *Fox Grove*, 23 F.3d 359, 364 (11th Cir. 1994); *see also Shell Oil*, 866 F. Supp. at 540 (citing *Pervis*, 901 F.2d at 946-47). In this case, McLamore's invocation of the Fifth Amendment will only result in an inference that he did, in fact, rape D.W., which is a fact already in the record.[8] Further, BOJ admits that McLamore had sex with D.W. while he was an assistant manager and D.W. was an employee.[9] Other witnesses will corroborate D.W.'s rape. Therefore, McLamore's invocation of the Fifth Amendment and the resulting inference simply will not change things that much. The fact of the rape without evidence of foreseeability to BOJ will not be dispositive of BOJ's liability, *i.e.*, it will *not require* summary judgment against BOJ. *See Jennings*, 264 Ga. App. at 459 ("The causation element requires showing that, given the employee's dangerous propensities, the victim's injuries should have been foreseen as the natural and probable consequence of hiring the employee."). What is more, the loss or diminishment of a defense is *not* enough to justify a stay. *Shell Oil*, 866 F. Supp. at 540–41. Therefore, a stay is not appropriate in this case. *Fox Grove*, 23 F.3d 359, 364 (11th Cir. 1994); *Pellegrino*, 147 F. Supp. 3d at 1381.

### 3.2. Each *Hammond* factor weighs in favor of denying the motion.

The Court need not consider any of the *Hammond* factors because the Eleventh Circuit test requires a defendant seeking a stay to "show that invocation of the privilege in the instant matter will result in certain loss by automatic summary judgment." *Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, 2009 WL 2589116, at \*2 (citing *United States v. Two Parcels of Real Property*, 92 F.3d 1123, 1129 (11th Cir. 1996)); *see also Fox Grove*, 23 F.3d at 364. BOJ cannot

---

[8] D.W. Dep., 188:19-198:19.
[9] *See* Def.'s RFA Resp. Nos. 11-13, 22-25.

meet that burden. However, even if the Court considers the *Hammond* factors, each factor

supports denial of BOJ's motion.

### 3.2.1. *Plaintiff has a strong interest to keep the case moving and the risk of prejudice from delay is great.*

The first factor – the plaintiff's interest in expeditious litigation and the risk of prejudice

from delay – heavily weighs in favor of denying BOJ's motion. *Hammonds*, 371 F. Supp. 3d at

1346. Courts give "great weight" to the emotional toll of protracted litigation on a victim. *Id.*

("The Court is sympathetic to the emotional and financial toll that protracted litigation would

have on Plaintiffs and gives *great weight* to their desire to resolve this dispute expeditiously.")

(emphasis added); *see also Solvay Specialty Polymers USA, LLC v. Zhenguo (Leo) Liu*, 331

F.R.D. 187, 190 (N.D. Ga. 2019) (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty*

*Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980) ("Any plaintiff in the federal courts enjoys the

right to pursue his [or her] case and to vindicate his [or her] claim expeditiously."). In this case,

the emotional toll on Plaintiff and D.W. is clear. McLamore forcibly raped D.W. as she stared

into a dirty toilet.[10] Any delay in this case would unnecessarily add to D.W.'s already-heavy

emotional and psychological burden.

The likely prejudice of delay to Plaintiff is equally clear. As this Court has

acknowledged, as time passes and litigation lingers, "it is inevitable that litigation costs will

mount, memories will fade, documents and information will become more difficult to locate, and

witnesses will leave the employment of the parties." *Georgia Power Co. v. Westinghouse Elec.*

*Co. LLC*, 2015 WL 2260813, at *1 (S.D. Ga. May 13, 2015); *accord Clinton*, 520 U.S. at 707-08

(recognizing that "delaying trial would increase the danger of prejudice resulting from the loss of

---

[10] D.W. Dep., 188:19-198:19; *see also* D.W. Dep., 177:12-22 ("Q. So when he came in, which direction were you facing? A. Facing the toilet.").

evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."); *Skrtich v. Thornton*, 280 F.3d 1295, 1307 (11th Cir. 2002) ("Witnesses may become unavailable, memories may fade, attorneys fees and costs accumulate, and a deserving plaintiff's recovery may be delayed."); *Great Am. Ins. Co. v. Watson*, 2015 WL 13021801, at *2 (S.D. Ga. Oct. 29, 2015) ("[T]he passage of time frequently fades witnesses' memories and can make it more difficult to locate key witnesses and evidence."); *Gordon v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 5463165, at *1 (S.D. Ga. Dec. 29, 2010) ("[P]laintiff rather persuasively argues that . . . some specific depositions should be taken before witnesses become unavailable or memories fade."). The risk of losing witnesses is particularly high in this case because fast food industry employees frequently change jobs.

BOJ has failed to meet its burden on the first factor. The first factor weighs heavily against staying the case.

### 3.2.2. The burden on BOJ is minimal.

The second factor – the burden to the defendant – weighs in favor of denying BOJ's motion. *Hammonds*, 371 F. Supp.3d at 1346. There is little burden on BOJ in denying a stay. As discussed above, McLamore's criminal liability is not dispositive of Defendant BOJ's civil liability in this case. Specifically, Plaintiff must show that BOJ: (1) negligently hired, trained, supervised, and retained McLamore, and (2) that BOJ maintained a dangerous premises. To prevail on a negligent hiring, training, supervision, and retention claim, Plaintiff must show that BOJ knew or should have known that McLamore posed a risk of harm to D.W. because it was "reasonably foreseeable from [McLamore's] 'tendencies' or propensities that [McLamore] could cause the type of harm sustained by [D.W.]" *Underberg v. So. Alarm, Inc.*, 284 Ga. App. 108, 110 (2007). Similarly, for her premises liability claim, Plaintiff must show BOJ failed to keep its

premises reasonably safe from foreseeable criminal acts.  *See Martin v. Six Flags Over Georgia II, L.P.*, 301 Ga. 323, 328 (2017).  None of Plaintiff's claims are dispositively resolved by an inference of McLamore's criminal liability because the fact of the rape, on its own, is not probative of foreseeability.  The crux of this case is foreseeability.  That BOJ might be denied its defense of blaming D.W. for the rape is not grounds for delaying the case.[11]  *E.g.*, *Shell Oil*, 866 F. Supp. at 540–41 (quoting *Pervis*, 901 F.2d at 947 (11th Cir. 1990)) (holding that a discovery stay pending the resolution of a related criminal case is only proper where the testimony would "result in an adverse judgment *not merely the loss of 'his most effective defense.'*") (emphasis added).

BOJ has failed to meet its burden on the second factor.  The second factor weighs heavily against staying the case.

### 3.2.3.  *The Court has a strong interest in expediting its docket.*

The third factor – the efficient use of judicial resources – weighs in favor of denying BOJ's motion.  *Hammonds*, 371 F. Supp.3d at 1346.  Courts have a strong interest in efficiently resolving cases.  *Id.* at 1346-47.  Here, McLamore has not yet been indicted and BOJ has offered *no evidence* as to when McLamore's criminal charges might be resolved.  Because McLamore has not been indicted yet, it is wholly unknown when the criminal case would be deemed 'closed' and this civil action could proceed.  *Pellegrino*, 147 F. Supp. 3d at 1383 ("Given the tentative nature of the criminal investigation, it is against the public interest to grant a stay that

---

[11] It appears that BOJ intends to blame D.W. for the rape.  *See* Def.'s Answer, Doc. 9, p. 2 ("Some or all of the claims may be barred based upon the doctrines of contributory negligence, comparative negligence and/or the assumption of the risk."); *see also* Def.'s Mot. to Stay, Doc. 33 p. 4 ("Without a stay, Defendant may be forced to proceed without probative evidence of importance to its defenses, especially McLamore's testimony as to whether his actions toward D.W. were consensual . . .").

could last indefinitely."). In other words, a stay of discovery in this case could be "the first chapter in a multi-year saga." *Hammonds*, 371 F. Supp.3d at 1347.

BOJ has failed to meet its burden on the third factor. The third factor weighs heavily against a stay.

### 3.2.4. *Public and private interests require the denial of BOJ's motion.*

The fourth and fifth factors – the interests of non-parties and the public – weigh in favor of denying BOJ's motion. *Hammonds*, 371 F. Supp.3d at 1346. The only non-party interest is McLamore's Fifth Amendment right against self-incrimination. To that end, the law is well-settled that McLamore cannot be forced to incriminate himself. However, that is exactly why he can invoke his Fifth Amendment privilege when testifying in this case. McLamore's rights are adequately protected.

As to the public interest, public policy would not be served by allowing defendants to indefinitely stay civil cases (in their entirety) while related criminal proceedings against a witness are resolved. For example, in every commercial road wreck case in which a defendant company's driver was cited or otherwise criminally charged those companies would seek to stay the case. In every negligent security case in which a shooter or assailant was arrested and indicted, the civil case would come to a grinding halt. Taking COVID-19 related delays of Georgia courts' criminal dockets into consideration, civil cases would pile up, creating a years-long backlog. That is not tenable. Of course, that is why a criminal defendant may invoke his or her Fifth Amendment privilege against self-incrimination in civil cases.

BOJ has failed to meet its burden on the fourth and fifth factors. The fourth and fifth factors, like the three preceding factors, weigh heavily against a stay of discovery.

### 3.3. BOJ's cases are inapposite.

The authorities upon which BOJ relies are not applicable for two reasons.

*First*, each of BOJ's cited authorities are decisions which have strayed from the binding Eleventh Circuit test in which "a defendant must show that invocation of the privilege in the instant matter will result in certain loss by automatic summary judgment." *Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, 2009 WL 2589116, at *2 (citing *United States v. Two Parcels of Real Property*, 92 F.3d 1123, 1129 (11th Cir. 1996)).  For that reason, none of BOJ's cases apply.

*Second*, McLamore is not a party defendant to this case.  *Every* case upon which BOJ relies involves a criminal-defendant who was also a civil-defendant.  *See*, *e.g.*, *Kinsey v. Aledda*, 2018 WL 11352485 (S.D. Fla. Sept. 5, 2018) (*defendant police officer* sought stay of civil action pending his ongoing criminal charges for attempted manslaughter of plaintiff); *Dean v. Douglas*, 2012 WL 6151137 (M.D. Ga. Dec. 11, 2017) (*defendant officers* sought stay of civil action pending their ongoing criminal charges related to officers' assault of the plaintiff); *Doe v. City of Demopolis*, 2009 WL 2059311 (S.D. Ala. July 10, 2009) (*defendant police officer* sought stay of civil action pending criminal charges related to the rape giving rise to the officer's civil and criminal liability); *S.E.C. v. Healthsouth Corp.*, 261 F. Supp. 2d 1298 (N.D. Ala. 2003) (*defendant corporation and defendant corporate officers* sought stay of SEC's civil action pending DOJ's parallel criminal action against corporation and corporate officers).  Here, while McLamore is likely to soon be a criminal defendant, he *is not* and *will not* be a civil defendant in this case.  For that reason, the concerns articulated in BOJ's cases are largely not present here. Most importantly, as explained above, the risk of prejudice to BOJ is minimal because Plaintiff still must marshal evidence to support her claims.

**4. Conclusion**

A stay of discovery is not proper because McLamore's invocation of the Fifth Amendment privilege is not dispositive of BOJ's liability in this case. The crux of this case is the foreseeability of the rape to BOJ. An inference that the rape occurred, standing alone, is not probative of foreseeability. That ends the analysis under binding Eleventh Circuit precedent. However, even if the Court considers the more lenient (non-binding) factors articulated in *Hammond*, BOJ's motion still fails because each factor weighs in favor of denying BOJ's motion. For the foregoing reasons, BOJ's motion must be denied.

Respectfully submitted this 11th day of April 2022.

BUTLER LAW FIRM

BY:    /s/ Matthew R. Kahn
          JAMES E. BUTLER, III
             Georgia Bar No. 116955
          MORGAN E. LYNDALL
             Georgia Bar No.  905112
          MATTHEW R. KAHN
             Georgia Bar No. 833443

10 Lenox Pointe
Atlanta, Georgia 30324
jeb@butlerfirm.com
morgan@butlerfirm.com
matt@butlerfirm.com
(t) 678 940 1444
(f) 678 306 4646                    **ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 11, 2022, I electronically filed ***PLAINTIFF'S RESPONSE***

***IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY*** with the Clerk of

Court using the CM/ECF system, which will automatically serve following attorneys of record:

Bradley T. Adler
Jacob McClendon
Sharon Horne
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
badler@fmglaw.com
jacob.mcclendon@fmglaw.com
shorne@fmglaw.com

Respectfully submitted this 11th day of April 2022.

BUTLER LAW FIRM

BY:   */s/ Matthew R. Kahn*

    JAMES E. BUTLER, III
     Georgia Bar No. 116955
    MORGAN E. LYNDALL
     Georgia Bar No. 905112
    MATTHEW R. KAHN
     Georgia Bar No. 833443

10 Lenox Pointe
Atlanta, Georgia 30324
jeb@butlerfirm.com
morgan@butlerfirm.com
matt@butlerfirm.com
(t) 678 940 1444
(f) 678 306 4646         **ATTORNEYS FOR PLAINTIFF**