IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TOCARRA DAVIS, as Guardian of D.W., a Minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 121-155 |
| BOJ of WNC, LLC, | ) ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Before the Court are Defendant's Motion to Compel Independent Medical Examination, (doc. no. 45), Defendant's Motions for Protective Orders, (doc. nos. 48-49), Houston Casualty Company's Motion to Quash Subpoena to a Non-Party, (doc. no. 50), Tokio Marine America Insurance Company's Motion to Quash Subpoena to a Non-Party, (doc. no. 51), and the parties' unbriefed discovery dispute regarding two future depositions. (Doc. no. 63.) The purpose of this Order is to summarize agreements reached during a discovery teleconference conducted on May 10, 2022, and to issue rulings on discovery disputes for which there were no resolution.

### I. Independent Medical Examination

For the reasons stated during the hearing, the Court **GRANTS** Defendant's Motion to Compel Independent Medical Examination. (Doc. no. 45.) The examination shall occur at

Dr. Julie Medlin's office at a date and time mutually agreed upon by the parties. Defendant shall cover any travel expenses for D.W.'s attendance.

## II. Future Depositions

Because the parties could not reach an agreement, Plaintiff may file a motion for protective order regarding the scope and nature of questions to be posed during upcoming depositions.

## III. Motion for Protective Order Regarding Bojland Subpoena

Defendant filed a motion challenging the scope of items requested by Plaintiff in a subpoena issued to non-party Bojland Restaurant Group, LLC ("Bojland"), an entity that sold the subject restaurant to Defendant. (Doc. no. 48.) Bojland is purportedly dissolved and has neither responded to the subpoena nor notified Defendant of any objections to the subpoena. Plaintiff is correct that Defendant does not have standing to seek a protective order on behalf of Bojland. (Doc. no. 57, pp. 8-9.) As one court recently explained, "[a]lthough Rule 26(c) does not mention a standing component . . . a party does not have standing to challenge discovery propounded to a non-party, unless the party has a personal right or privilege concerning the subject matter of the documents or information sought." Hernandez v. Burrows, 2021 WL 5999431 (S.D. Fla. Dec. 20, 2021) (denying protective order for lack of standing); see also Siemens Corp. v. Johnson, 2016 WL 10719392 (N.D. Ga. June 8, 2016) (same); Southard v. State Farm Fire and Cas. Co., 2012 WL 1951652 (S.D. Ga. Mar. 22, 2012) (same). Defendant has not alleged any such personal right or privilege and none is apparent from the nature of the relationship between Defendant and Bojland or the nature of

the documents sought in the subpoena.  The Court thus **DENIES** Defendant's Motion for a Protective Order.  (Doc. no. 48.)

### IV. Insurer Subpoenas

Non-parties Houston Casualty Company and Tokio Marine America Insurance Company filed motions to quash subpoenas issued by Plaintiff that seek information concerning the extent of insurance coverage for the claims asserted in this lawsuit.  (Doc. nos. 50-51.)  Defendant filed a related motion.  (Doc. no. 49.)  At the hearing, everyone agreed to resolve these motions by the insurers providing Plaintiff with (1) copies of all initial notices of claims that are or may be covered by the subject insurance policies, including without limitation all initial demand letters, complaints, and demands for arbitration; and (2) a statement of the remaining policy limits, issued with a full reservation of rights and defenses concerning coverage.  Accordingly, all motions related to the insurer subpoenas are **MOOT**.  (Doc. nos. 49-51.)

SO ORDERED this 18th day of May, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA