IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TOCCARA DAVIS, as Guardian of D.W., a Minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 121-155 |
| BOJ OF WNC, LLC, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Defendant moves to file under seal: (1) exhibits one, four, five, six, and nine to its motion to exclude expert testimony; (2) exhibit ten to its summary judgment motion; and (3) the deposition transcript of Plaintiff D.W. (Doc. nos. 106, 110.) For the below reasons, Court **GRANTS IN PART AND DENIES IN PART** Defendant's motions to seal. (Doc. nos. 106, 110.)

The public right of access to court records is well-established but not absolute. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); BASF Corp. v. SNF Holding Co., Civil Action No., 4:17-cv-251, 2019 WL 2881594, at *4 (S.D. Ga. July 3, 2019) (*citing* Globe Newspaper Co v. Superior Court for Norfolk Cty., 457 U.S. 596 (1982)). "When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal." Id. (internal citations omitted). In balancing these interests, courts consider, among other things:

whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.  The Court, having considered these interests, finds as follows:

**I.    DAUBERT MOTION EXHIBITS**

Exhibit 1 contains Ms. Whitmore's mental health evaluation of D.W., her resume, and a list of case consultations and testimony.  Exhibit 4 is an expert report by Dr. Julie Medlin concerning her forensic evaluation of D.W.  Exhibit 5 is Dr. Medlin's notes from her interviews with D.W.  Exhibit 6 is D.W.'s records from Transitional Family Services.  Exhibit 9 is notes taken by Ms. Whitmore during her sessions with D.W.  Each of these exhibits contains highly personal and sensitive material about D.W., except for the resume of Ms. Whitmore and list of her case consultations and testimony.  The Court therefore **SEALS** Exhibits 1, 4, 5, 6, and 9.  Plaintiff shall file a redacted copy of Exhibit 1 that contains only Ms. Whitemore's resume and case lists.

**II.   SUMMARY JUDGMENT EXHIBIT TEN**

Exhibit 10 is D.W.'s work personnel file that contains D.W.'s full name, address, date of birth, contact information, and social security number.  This personal information merits protection, and the Court therefore **SEALS** Exhibit 10.

**III.  D.W. DEPOSITION TRANSCRIPT**

The transcript of D.W.'s deposition is 256 pages with twelve exhibits.  While some of this information may qualify for protection, much does not.  Plaintiff shall submit, on or before, February 6, 2023, proposed redactions in yellow highlighter to the Court at Courtnay_Capps@gas.uscourts.gov.  Defendant shall copy opposing counsel on the email.

Plaintiff should not redact information that is already publicly available on the docket, such as the factual allegations in the Complaint.  The Court will permit redactions that, for example, identify Plaintiff and her family members or suggest their identities, and unusually personal information such as the details of Plaintiff's physical relationships after the incident in question.

SO ORDERED this 23rd day of January, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA